IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANCIS WARD, *et al.*, | ) |
| | ) |
|     Plaintiffs / Counter-Defendants, | ) |
| | ) |
| v. | )   CIVIL ACTION 09-0065-WS-N |
| | ) |
| REAL SHIPS, INC., | ) |
| | ) |
|     Defendant / Counter-Plaintiff. | ) |

**ORDER**

    This matter comes before the Court *sua sponte*.

    Review of the court file reveals that defendant / counter-plaintiff, Real Ships, Inc., has disregarded a pair of orders from this District Court in recent weeks. First, on July 31, 2009, Magistrate Judge Nelson entered an Order (doc. 38) requiring Real Ships to retain new counsel (its previous counsel of record having been granted leave to withdraw) by no later than August 14, 2009. The July 31 Order cautioned Real Ships that default judgment could be entered against it if it failed to arrange for the appearance of new counsel by the specified deadline. Real Ships neither complied with nor submitted any response to the July 31 Order.

    Second, on August 17, 2009, the undersigned entered a Show Cause Order (doc. 39) that, *inter alia*, confirmed that Real Ships would not be allowed to proceed in this litigation *pro se*, apprised Real Ships of this Court's inherent power to impose sanctions up to and including dismissal and default judgment, and ordered Real Ships to show cause on or before August 24, 2009 why a default judgment should not be entered as to plaintiffs' claims against it, and why its counterclaims should not be dismissed, based on its failure to retain counsel and its noncompliance with the July 31 Order. The August 17 Order expressly warned Real Ships in bold type that "failure to respond to this Order in a timely and complete manner will be construed as contumacious conduct warranting the imposition of sanctions," including dismissal and default judgment. Once again, however, Real Ships elected neither to comply with nor to

respond to the Show Cause Order.[1]

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Both the July 31 and August 17 Orders were eminently reasonable and well-grounded in law, yet Real Ships simply ignored them, despite having been warned on two occasions of the dire consequences of doing so. Such dilatory and contumacious conduct warrants the imposition of sanctions. As noted previously, district courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for ... failure to comply with a court order"). Moreover, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Atlantic Recording Corp. v. Ellison*, 506 F. Supp.2d 1022, 1025-26 (S.D. Ala. 2007) (citation omitted); *see also Disney Enterprises, Inc. v. Delane*, 446 F. Supp.2d 402, 405 (D. Md. 2006) (similar).

Of course, the sanctions of dismissal and entry of default judgment are not to be invoked

---

[1] There can be no reasonable suggestion that Real Ships lacked notice of its time-sensitive obligations to this Court. The court file reflects that a copy of the August 17 Show Cause Order was received and signed for on August 20, 2009 by someone named Mariam Strong at the Real Ships address provided by Real Ships' former counsel of record in their Amended Motion to Withdraw (doc. 37).

lightly.  Rather, they may be imposed "only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders."  *Eagle Hosp.*, 561 F.3d at 1306; *see also In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006) ("The severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.") (citation and internal quotation marks omitted).  After careful consideration, the Court finds that both are warranted here.

With respect to Real Ships' counterclaims, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff."  *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant).  Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time."  *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002).  All of those factors are present here.  Real Ships appears to have been dragging its feet ever since plaintiffs filed a Motion for Partial Summary Judgment (doc. 29) on June 30, 2009.  Facing this dispositive motion, Real Ships has taken no action of any kind, save for the efforts of its former counsel to withdraw from the representation, which efforts were commenced on the due date for Real Ships' response to the Rule 56 motion.  Furthermore, as documented *supra*, Real Ships has defied a pair of orders in this case and has disregarded the unambiguous warnings contained therein, resulting in wasteful expenditure of judicial resources endeavoring to keep this litigation on track despite Real Ships' apparent unwillingness to participate.  The Court has carefully considered Real Ships' pattern of noncompliance with court orders and failure to prosecute its claims, and is of the opinion that no lesser sanctions would suffice in these circumstances to ensure compliance with court orders to protect plaintiffs' interests.  Accordingly, Real Ships' Counterclaims (doc. 11) against plaintiffs are **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P., for failure to prosecute and failure to comply with orders of this Court.

Similarly, with respect to the Wards' claims against Real Ships, it is well established that "[a] court has the power to enter default judgment when a defendant fails to defend its case

appropriately or otherwise engages in dilatory tactics," such as where "the adversary process has been halted because of an essentially unresponsive party." *Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC*, 498 F. Supp.2d 237, 240 (D.D.C. 2007) (citations omitted); *see also Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 590-91 (S.D. Ala. 2007) ("a district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure") (citing *Wahl*, 773 F.2d at 1174).  The Court finds that Real Ships' bad faith and contumacious conduct, as described above, warrants entry of default judgment and that lesser sanctions would be inadequate.  *See, e.g., Clever Covers, Inc. v. Southwest Florida Storm Defense, LLC*, 554 F. Supp.2d 1303, 1307 (M.D. Fla. 2008) (indicating that "[a] district court may also strike pleadings and direct a clerk to enter default against defendants who have made an appearance as a sanction for discovery abuses or the abandonment of defenses").  Accordingly, the Clerk of Court is **directed** to enter a default against Real Ships on all of plaintiffs' claims against it.

Of course, to deem Real Ships in default is not to find that plaintiffs are entitled to judgment in any amount, much less an amount of their choosing.  To the contrary, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability."  *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp.2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim).  Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim."  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Review of the Amended Complaint (doc. 25) confirms that it does indeed assert sufficiently specific and detailed facts against Real Ships to state cognizable causes of action. In particular, the Amended Complaint reflects that the parties entered into a contract, pursuant to which Real Ships promised to construct a yacht for the Wards in accordance with certain

designated plans and specifications for the fixed price of $3,195,000. The agreed-upon delivery date for the yacht was September 25, 2007. However, the Amended Complaint alleges, Real Ships failed to complete the yacht in a timely manner, and failed to take necessary steps to cure its default after same was brought to its attention by the Wards, who had already paid Real Ships large sums of money pursuant to the contract. In claims for, *inter alia*, breach of contract, the Wards seek recovery of those amounts previously paid to Real Ships for the never-completed yacht, as well as other damages "in an amount to be proven at trial." (Doc. 25, ¶ 14.) Through these and other allegations, the Amended Complaint sufficiently states claims for relief against Real Ships.

By virtue of Real Ships' default, it "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp.*, 561 F.3d at 1307 (citation omitted); *see also Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."); *Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782, 783 (E.D. Tex. 2006) ("The effect of the entry of default is that it cuts off the defendants' right to appear in the case with respect to liability issues."). Thus, the legal effect of Real Ships' default is that it has admitted all well-pleaded facts in the Amended Complaint concerning liability.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records*, 510 F. Supp.2d at 593 n.5. Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty); *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 869-70 (S.D. Ga. 1996) (explaining that it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment). Ordinarily, unless a plaintiff's claim against a

defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). That said, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13.[2] Thus, if the Wards come forward with supporting affidavits and exhibits sufficient to establish the amount and character of the damages they seek, then no evidentiary hearing is required. The monetary damages that the Wards seek to recover from Real Ships appear readily susceptible to proof via objective documentation in the form of detailed affidavits and/or exhibits, thereby obviating the need for a formal hearing. "The trial judge, sitting without a jury, has considerable latitude in determining the amount of the damages." *Patray*, 931 F. Supp. at 870.

In light of the foregoing, it is hereby **ordered** as follows:

1. The counterclaims asserted by Real Ships, Inc., herein against Francis and Susan Ward are **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P., for failure to prosecute and failure to comply with orders of this Court.

2. The Clerk of Court is **directed** to enter a default against Real Ships, Inc., as to all claims asserted by the Wards herein as a sanction for its bad faith, unresponsiveness, and contumacious and dilatory conduct.

3. The Wards are **ordered**, on or before **September 21, 2009**, to file an evidentiary submission consisting of such detailed affidavits and exhibits that they deem necessary to

---

[2] *See also Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation."); *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover); *Adkins v. Teseo*, 180 F. Supp.2d 15, 17 (D.D.C. 2001) (although court must make independent determination of the sum to be awarded, court need not hold a hearing, but may rely on detailed affidavits or documentary evidence); *United States v. Cabrera-Diaz*, 106 F. Supp.2d 234, 243 (D.P.R. 2000) (similar).

support their claims for damages against Real Ships, along with an explanatory legal memorandum (supported by authorities as appropriate) and a proposed form of default judgment. Plaintiffs must serve a copy of this submission on Real Ships at its address of record.

    4.    The Clerk of Court is directed to mail a copy of this Order to Real Ships at the mailing address furnished by its former counsel, to-wit: Real Ships, Inc., 2029B Airport Blvd., #116, Mobile, AL 36606.

DONE and ORDERED this 31st day of August, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE